IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KAREN M. PIVIDORI, )
 )
        Plaintiff, )
 )
vs. )  Civil Action No.   15-1290
 )
CAROLYN COLVIN, Acting Commissioner )
of Social Security, )
 )
        Defendant. )
 )

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

## SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 10 and 12]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 11 and 13]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment [ECF No. 12] and denying Plaintiff's Motion for Summary Judgment. [ECF No. 10].

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and under Title II of the Social Security Act (the "Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act. Plaintiff applied for DIB and SSI on or about October 29, 2012. [ECF No. 8-6, Exs. 1D-3D]. In her applications, she alleged that since September 19, 2012, she had been disabled due to lumbar disc herniation, spinal stenosis, anxiety, and high blood

1

pressure. Id. Administrative Law Judge ("ALJ") Donald Graffius held a hearing on February 18, 2014, at which Plaintiff was represented by counsel. [ECF No. 8-2, at 31-55]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 51-54. In a decision dated May 28, 2014, the ALJ found that Plaintiff was capable of performing past relevant work as a customer service representative, and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 8-2, at 18-26]. Plaintiff requested review of the ALJ's determination by the Appeals Council, and, the Appeals Council denied Plaintiff's request for review. [ECF No. 8-2, at 1-4]. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 10 and 12]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir.

2

1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial

gainful activity (step 5).  Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.    WHETHER THE ALJ ERRONEOUSLY FAILED TO CONSIDER THE EFFECTS OF PLAINTIFF'S NON-SEVERE MENTAL IMPAIRMENTS ON HER ABILITY TO PERFORM HER PAST, SKILLED JOB**

At Step Two of his analysis, the ALJ found that Plaintiff had the following severe impairments:  status post lumbar decompressions for lumbar spinal stenosis L3-S1 and foraminotomies, foraminal stenosis at L3-L4 and L4-L5, lumbago, and lower extremity varicose veins.  [ECF No. 8-2, at 20-21].  The ALJ noted that Plaintiff also reported other impairments involving asthmatic bronchitis and anxiety, but he found that those impairments did not have more than a *de minimis* effect on Plaintiff's ability to perform basic work activities and, therefore, were non-severe.  Id.  In analyzing the severity of Plaintiff's anxiety, the ALJ found that she had no limitations as to activities of daily living; mild limitations as to social functioning; mild limitations as to concentration, persistence, and pace; and no episodes of decompensation of extended duration.  Id.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except that Plaintiff was limited to occasional postural maneuvers, such as balancing, stooping, kneeling, crouching, crawling, and climbing ramps and stairs.  She could not climb ladders, ropes, and scaffolds.  She must be afforded the option to sit and stand during the workday, one to two minutes every twenty to thirty minutes.  She was limited to occupations that do not require exposure to dangerous machinery and unprotected heights.  [ECF No. 8-2, at 23-25].  At Step Four of his analysis, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a

customer service representative. Id. at 25-26.

Plaintiff does not challenge the ALJ's finding that her anxiety was non-severe. She argues, however, that the RFC finding is unsupported by substantial evidence because the ALJ failed to consider the effects of her non-severe mental impairments – specifically, her mild limitations in social functioning and concentration, persistence, and pace – on her ability to perform her past relevant work. [ECF No. 11, at 3-6]. I disagree.

Plaintiff is correct that, in determining a claimant's RFC, the ALJ must consider the limiting effects of all of the claimant's medically determinable impairments, even those that are non-severe. 20 C.F.R. §§ 404.1545(a)(2), (e); 416.945(a)(2), (e); see also S.S.R. 96-8p ("[I]n combination with limitations imposed by an individual's other impairments, the limitations due to such a 'not severe' impairment . . . may narrow the range of other work that the individual may still be able to do."). A finding of limitations in the four broad functional areas at Step Two of the process, however, does not dictate the content of the ALJ's RFC finding. See S.S.R. 96-8p ("The adjudicator must remember that the limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process."). Rather, the determination of a claimant's RFC is a more detailed assessment reserved to the ALJ based on all of the relevant evidence of record. See id.

Here, after careful review of the record, I find that the ALJ adequately considered all of the relevant evidence, including medical evidence, and Plaintiff's reported activities, in determining her RFC, and that the RFC incorporates all limitations reasonably supported by the record. In addition to evaluating Plaintiff's alleged anxiety extensively in his Step Two analysis, the ALJ states that, in making his RFC finding, he carefully considered the "entire record" including "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." [ECF No. 8-2, at 20-25]. In his RFC

5

analysis, the ALJ specifically discussed the relevant medical records and opinions from Plaintiff's treating provider, Allison Williams, PA-C. Id. (citing, inter alia, Exs. 1F, 12F, 13F, 15F).

Further, the record does not support any additional limitations resulting from Plaintiff's mild limitations in social functioning and/or concentration, persistence, and pace. The ALJ noted that Plaintiff reported she had anxiety, but that the record did not contain any documentation of serious limitations due to that anxiety. He cited record evidence that Plaintiff engaged in an active range of daily activities from a mental standpoint, including washing dishes, cleaning the house, preparing simple meals, folding clothes, visiting her father, shopping, watching television, and paying bills. Id. at 21-22 (citing Ex. 4E and Plaintiff's testimony). He also pointed to the report of the state agency mental health consultant which found that Plaintiff had no medically determinable mental health impairments, and noted that the records from Plaintiff's treating and examining physicians indicated normal psychological examinations. Id. at 21 (citing Exs 1A, 2A, 12F-15F). The ALJ found that, in light of the lack of objective findings and Plaintiff's activities of daily living, her anxiety had no more than a minimal impact on her ability to engage in work-related activities.

Plaintiff likewise does not identify any specific functional limitations resulting from her "mild" limitations in social functioning and concentration, persistence, and pace. Rather, she cites the DOT's description of her past job and declares without any supporting authority, that even "mild" social limitations or deficits in concentration, persistence, and pace "would likely affect" a person's ability to perform that job. [ECF No. 11, at 4-6]; see also id. at 4 (citing social security rulings indicating that losses of intellectual and emotional capacities are "generally" more serious when a job is complex, and that mental impairments "may or may not" prevent the transfer or work skills or the performance of past work). These equivocal and conclusory statements do not speak to the facts of Plaintiff's individual case and are not evidence that Plaintiff's "mild"

6

mental limitations resulted in any relevant functional limitations.  See Nasiyruddiyn v. Colvin, Civil Action No. 15-3701 (JLL), 2016 WL 4432688, at *5 (D.N.J. Aug. 18, 2016) (rejecting similar argument where the claimant had not directed the court to any particular medical evidence regarding his mental impairments that he believed the ALJ overlooked, and had failed to offer any support for his position that someone with mild limitations in three out of the four broad functional areas is incapable of performing a job with a skill level of 6 or 7[1]); Shaffer v. Colvin, Civil Action No. 13-925, 2014 WL 4925067, at *5 (W.D. Pa. Sept. 30, 2014) (rejecting plaintiff's argument that the ALJ should have accounted for his "mild" difficulties in concentration, persistence, and pace in his RFC finding and noting that plaintiff had cited no authority from this circuit suggesting that someone with merely mild difficulties in concentration, persistence, and pace should be limited to unskilled work).

For all of these reasons, I find that the ALJ did not err by failing to include additional limitations related to Plaintiff's non-severe mental impairment in his RFC finding.

## C. **WHETHER THE ALJ ERRED BY FAILING TO CONSIDER PROPERLY THE OPINION OF HER TREATING SOURCE**

Plaintiff argues that the ALJ improperly assigned "little weight" to the opinions of her treating source, physician assistant Allison Williams.  [ECF No. 11, at 6-16].  Specifically, Plaintiff contends that the ALJ failed to provide "good/specific/supported" reasons for rejecting Ms. Williams's opinions and incorrectly concluded that Ms. Williams's opinions were inconsistent with the underlying record.  Id.  After careful consideration, I disagree.

The amount of weight accorded to medical opinions is well-established.  Generally, the opinions of a claimant's treating physicians are entitled to substantial and, at times, even controlling weight.  20 C.F.R. §§ 404.1527, 416.927(c)(1).  To be entitled to controlling weight,

---

[1] Plaintiff's past job had a skill level of 5.  [ECF No. 8-2, at 51].

however, the treating physician's opinion must be well supported by medical techniques and consistent with the other substantial evidence of record. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). To determine the weight of a treating physician's opinion, the ALJ may consider a number of factors, including consistency, length of treatment, corroborating evidence, and supportability. 20 C.F.R. §§ 404.1527, 416.927(c)(1). As the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

Becker v. Comm'r of Social Sec. Admin., 403 F. App'x 679, 686 (3d Cir. 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." Diaz v. Comm'r of Soc. Security, 577 F.3d 500, 505 (3d Cir. 2009).

Here, Plaintiff was treated primarily by physician's assistant Allison Williams. Under the regulations, a physician's assistant is not "an acceptable medical source" in assessing a claimant's disability but, rather, is considered an "other source." S.S.R. 06-03p. Therefore, a physician's assistant's opinions cannot establish the existence of a medically determinable impairment. Id.; see also Chandler v. Comm'r of Soc. Security, 677 F.3d 356, 361-62 (3d Cir. 2011); Hartranft v. Apfel, 181 F.3d 358, 361 (3d Cir. 1999); 20 C.F.R. §§ 404.1513(a), (d); 416.913(a), (d). Social Security Ruling 06-03p, however, provides that an ALJ will consider evidence from such "other sources" in determining whether a disability exists because such sources may provide insight into the severity of the impairment and the ability of the individual to

function.  As such, the ALJ should weigh this evidence with the rest of the evidence using the same factors, including: how long the source has known, and how frequently the source has seen, the individual; how consistent the opinion is with the other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the source explains the opinion; whether the source has a specialty or area of expertise related to the individual's impairment; and any other factor that tends to support or refute the opinion.  Id.

On July 25, 2013, PA Williams completed a one-page "medical statement regarding social security disability claim" in which she opined that Plaintiff had a work capacity of "none" due to her low back pain and pain radiating down her right leg.  [ECF No. 8-9, Ex. 12F].  She also completed a one-page "medical statement regarding pain" on that same date in which she described Plaintiff's pain as "moderate to severe" and indicated that Plaintiff had marked restriction of activities of daily living; marked difficulty in maintaining social functioning; and deficiencies of concentration, persistence, and pace due to her pain.  Id. On January 12, 2014, PA Williams completed a check-box questionnaire in which she indicated, inter alia, that Plaintiff's medical conditions and symptoms would limit her ability to sustain activity throughout an eight-hour workday.  Id., Ex. 13F.

Contrary to Plaintiff's assertions, the ALJ explained in detail his reasons for giving little weight to PA Williams's opinions and significant weight to the conflicting opinion of state agency reviewing physician, Nghia Van Tran, M.D., who opined that although Plaintiff had some limitations in the performance of certain work activities, those limitations would not prevent her from performing her past relevant work.  [ECF No. 8-2, at 22-25].  Specifically, the ALJ gave PA Williams's opinions little weight because he found that they were inconsistent with her own treatment notes and other medical evidence of record, as well as Plaintiff's activities of daily living; and that Plaintiff's infrequent visits for treatment did not translate into the lack of work capacity

9

alleged. Id. at 25. The ALJ also noted that, to the extent Williams opined on the ultimate issue of whether Plaintiff was disabled, that issue was a finding reserved to the Commissioner and, therefore, was not entitled to significant weight. Id. (citing S.S.R. 96-5p). These are valid and acceptable reasons for discounting opinion evidence. See 20 C.F.R. §§ 404.1527; 416.927 (Evaluating Opinion Evidence). Furthermore, I find there is substantial evidence of record to support the ALJ's weighing of PA Williams's opinion. See ECF No. 8-2, at 23-25 (citing, inter alia, Exs. 1A, 2A, 2E, 4E, 1F-3F, 5F, 8F, 11F, 15F, and hearing testimony).

I likewise find that the ALJ properly weighed the opinion of Dr. Tran. [ECF No. 8-2, at 25]. State agency opinions merit significant consideration. See S.S.R. 96-6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527([e]) and 416.927([e]) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). The ALJ gave Dr. Tran's opinion significant weight because it was consistent with the medical evidence of record. [ECF No. 8-2, at 25]. This is a valid and acceptable reason. See 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). After consideration of the record, I find that the ALJ's treatment of the medical opinion evidence is both supported by substantial record evidence and explained sufficiently to allow meaningful review.[2] Thus, I find no error by the ALJ in this regard.

### III. CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

---

[2] Plaintiff spends the final pages of her Brief arguing that there is evidence to support her position and PA Williams's opinion that she is precluded from maintaining employment at any exertional level. [ECF No. 11, at 12-16]. The applicable standard, however, is not whether there is evidence to establish Plaintiff's position, but, rather, whether there is substantial evidence to support the ALJ's finding. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KAREN M. PIVIDORI,

        Plaintiff,

  vs.

CAROLYN COLVIN, Acting Commissioner of Social Security,

        Defendant.

Civil Action No. 15-1290

AMBROSE, Senior District Judge

# ORDER OF COURT

AND NOW, this 10th day of November, 2016, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment [ECF No. 10] is DENIED and Defendant's Motion for Summary Judgment [ECF No. 12] is GRANTED.

        BY THE COURT:

        /s/ Donetta W. Ambrose
        Donetta W. Ambrose
        U.S. Senior District Judge